UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **Laureate Education, Inc.,** | * | |
| | * | CIVIL ACTION |
| **Plaintiff,** | * | |
| | * | NO. : |
| versus | * | |
| | * | JUDGE |
| **Domain Name Proxy Service, Inc.,** | * | |
| | * | SECTION: |
| **Defendant** | * | |
| | * | MAGISTRATE: |
| ************************************** | | |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes plaintiff Laureate Education, Inc., who brings this Complaint against Domain Name Proxy Service, Inc. ("Defendant"), showing the following:

## NATURE OF THE ACTION

1. This is an action for false association or sponsorship in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

2. Laureate Education, Inc. ("Laureate") operates a leading international network of more than seventy-five (75) quality institutions of higher learning in thirty (30) countries in North America, Latin America, Asia, Europe, the Middle East, and Africa. Laureate has served more than 800,000 students worldwide with its educational products and services.

3. Walden University, LLC ("Walden"), a wholly owned subsidiary of Laureate, is a flagship member of Laureate's North American institutions. Walden is a premier provider of higher education via distance learning.

4. Laureate Online Education BV ("LOE") is also a wholly owned subsidiary of Laureate. LOE provides online academic programs for other educational institutions, including a partnership with the prestigious British University, University of Liverpool ("U of L.")

5. LOE's arrangement with U of L requires LOE to police against infringement relating to the online educational content provided to U of L by LOE.

6. Laureate owns U.S. Trademark registrations for the mark LAUREATE (attached hereto as "Exhibit 1") and LAUREATE ONLINE INTERNATIONAL (attached hereto as "Exhibit 2"). Walden owns a U.S. trademark registration for WALDEN UNIVERSITY (attached hereto as "Exhibit 3").

7. Laureate has learned of a website found at www.onlineuaeuniversities.com. This website advertises that it is a definitive guide to online education in the [Persian] Gulf. The site purports to be affiliated with a number of distance-learning educational institutions, including Walden and U of L.

8. Laureate brings the instant action to prevent Defendant from referring to Walden or U of L in its website.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Laureate's claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (trademark law), and 15 U.S.C. § 1121 (trademark law).

10. Upon information and belief, this Court has personal jurisdiction over Defendant, because it is located and does business in Metairie, Louisiana, which is within this judicial district.

11. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, because Defendant is subject to this Court's personal jurisdiction and is located within this judicial district.

**PARTIES**

12. Plaintiff Laureate Education, Inc. is a Maryland corporation with a principal place of business located at 650 S. Exeter Street, Baltimore, Maryland 21202.

13. Upon information and belief, Defendant Domain Name Proxy Service, Inc. is a Delaware Corporation with a principal place of business at 3301 17th Street, Box 6592, Metairie, Louisiana 70009.

**FACTS COMMON TO ALL CLAIMS**

Laureate's Educational Services

14. Laureate operates a world-renowned global network of institutions of higher learning in thirty (30) countries, six (6) of which are located in the United States.

15. In connection with Laureate's education services, Laureate and its subsidiaries operate global websites found under domain names such as www.laureateeducation.com and www.laureate.net, www.waldenu.edu, and www.university-liverpool-online.com.

16. Laureate's global network receives press attention in the United States and elsewhere.

17. Former United States President Bill Clinton is the Honorary Chancellor of Laureate International Universities.

18. Laureate Board Members include such distinguished individuals as former World Bank President Robert Zoellick, and Judith Rodin, President of the Rockefeller Foundation.

19. Many Laureate institutions, including Walden and U of L's online programs, are ranked among the top providers of online higher education in their respective regions, countries, and fields and have been recognized internationally for their academic quality.

20.     Laureate offers undergraduate and graduate degree programs in numerous fields of study, including business and management, hospitality management, engineering and information technology, communications, health sciences, and other courses designed to train students for a profession in these areas.

21.     More than thirty (30) Laureate Institutes in sixteen (16) countries and online deliver programs in health sciences, including in the following areas: dentistry, medicine, nursing, nutrition, pharmacy, physical education, physical therapy, psychology, speech and hearing pathology, sports medicine, and veterinary sciences.

Defendant's Infringing Activities

22.     According to WHOIS records, Defendant is the registrant of the domain name www.onlineuaeuniversities.com.

23.     Defendant maintains a website found under the domain name www.onlineuaeuniversities.com ("the Defendant Website").

24.     Upon information and belief, Defendant maintains a proxy service for domain names that allows anonymous registration of domain names.

25.     Defendant failed to respond to Laureate's request for information as to the person behind the Defendant Website.

26.     Specifically, on July 10, 2014, Laureate's counsel sent an email to Defendant at abuse@domainnameproxyservice.com and legal@domainnameproxyserivce.com. The emails were undeliverable, and it was not possible to get through to anyone via the telephone number.

27.     On January 29, 2015, Counsel for Laureate sent a follow up request:

Dear Sirs,

I refer to my email below of July 2014. I did not receive a response.
Our client remains concerned that this website is still up and likely to

>mislead students in the UAE and elsewhere as to the affiliation of its services with our client.
>Please respond to me immediately, or I will assume that your company is somehow associated with this scam, and will advise my client accordingly.
>
>Janet F. Satterthwaite, Esq. | Venable LLP

28. The email was returned as undeliverable.

29. Therefore, Laureate must conclude that Defendant is behind the website.

30. On the Defendant Website, Defendant states that it is a trusted source for finding the right online university.

31. The Defendant Website displays the logos of Walden, U of L, and other online institutions, and the website refers to them as "our member institutions."

32. The Defendant Website has many other statements and logos which imply that the site is endorsed by or connected to Laureate. For example, it notes "reasons to choose Online UAE Universities."

33. The Defendant Website falsely claims to be accredited by the Southern Association of Colleges and Schools Commission on Colleges.

34. The Defendant Website also has an online form to provide personal information, such as name, email address, income, country of residence, and birth date. The form contains a banner across the top that states "Get 75% Scholarship at Top Universities."

35. On information and belief, this kind of information could be used to obtain sensitive personal and financial information.

36. The Defendant Website generally, and falsely, implies that there is an association or sponsorship between the services being offered by Defendant and Laureate when there is not.

37. The Defendant Website is likely to cause consumer confusion as to the source and origin of Laureate's services, and creates a false and misleading association between Defendant

and Laureate.

38. The Defendant Website's false and misleading association between Defendant and Laureate is likely to engender a false sense of trust from prospective students looking to study with Laureate.

39. Defendant's conduct described above is infringing and causes ongoing, irreparable harm to Laureate, who loses the ability to control the reputation and the value and goodwill associated with its online degree programs.

40. A small disclaimer at the bottom of the Defendant Website is insufficient to dispel the implication that the site is sponsored or endorsed by Laureate.

<u>Defendant's Infringement is Willful</u>

41. Upon information and belief, Defendant's infringement described above was done knowingly, willfully, intentionally, and in malicious disregard of Laureate's rights.

42. Laureate must assume that Defendant is behind the Defendant Website and is causing, aiding, or abetting the infringing conduct described herein.

**COUNT I**

<u>False Association or Sponsorship in Violation of 15 U.S.C. § 1125(a)</u>

43. Laureate hereby repeats and realleges the allegations contained in paragraphs 1 through 42 above, as though fully set forth herein.

44. Laureate is known to students, potential students, instructors, tutors, and others in the educational services community by use of its registered marks WALDEN, LAUREATE, and LAUREATE ONLINE EDUCATION.

45. By virtue of its longtime use of the LAUREATE and WALDEN Marks, Laureate has come to be known in the educational services community as a source of high-quality

educational services.

46. Similary, U of L and its online program provided by LOE have become known in the educational services community as a source of high-quality online educational services.

47. Through the conduct described above, Defendant, if not enjoined, will cause, and is likely to cause, consumers in this judicial district and elsewhere to be confused, mistaken, or deceived as to the affiliation, connection, or association of Defendant's services with Laureate, or as to Laureate's sponsorship or approval of Defendant's services.

48. Defendant's conduct has also damaged Laureate in an amount to be determined at trial. Such use has also caused Laureate to suffer irreparable harm, and Laureate will continue to be irreparably harmed unless and until Defendant's unlawful conduct is enjoined. Laureate has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Laureate respectfully requests that this Honorable Court enter judgment in Laureate's favor and against Defendant, as follows:

1. Laureate requests that this Court grant an injunction, pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining Defendant, its officers, agents, servants, and employees, and those persons in active concert or participation with them, from directly or indirectly using any trademark or trade name containing or consisting of the terms LAUREATE or WALDEN, or any confusingly similar variation thereof, which is likely to cause confusion, mistake, or to deceive, including, but not limited to, in connection with educational services.

2. Laureate requests an injunction, pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining Defendant, its officers, agents, servants, and employees, and those persons in active concert or participation with them, from directly or indirectly implying

association or sponsorship by Laureate or the University of Liverpool, including, but not limited to, removing any reference to LAUREATE, WALDEN, or the University of Liverpool or Liverpool University, including logos, from the Defendant Website and any other website in the control of Defendant, its officers, agents, servants, and employees, and those persons in active concert or participation with them. If the Defendant Website cannot be modified by Defendant, it must be taken down entirely.

3. Laureate requests relief in the form of an accounting by Defendant of all gains, profits, and advantages derived from their unlawful activities, such amount to be trebled pursuant to 15 U.S.C. § 1117(a) by virtue of Defendant's unlawful conduct.

4. Laureate requests relief in the form of an award of compensatory and punitive damages in an amount to be proven at trial, such amount to be trebled pursuant to 15 U.S.C. § 1117(a) by virtue of Defendant's willful conduct.

5. Laureate requests relief in the form of an award of costs, including reasonable attorneys' fees, by virtue of the exceptional circumstances of this case, because of Defendant's willful conduct, or both.

6. Laureate requests that this Court grant such other and further relief as this Court may deem just and proper.

Respectfully submitted:

*/s/ Stephen M.Gelé*
**RANDALL A. SMITH, T.A. (#2117)**
**STEPHEN M. GELÉ (#22385)**
    Of
**SMITH & FAWER, L.L.C.**
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Telephone:   (504) 525-2200
Facsimile:   (504) 525-2205

*Attorneys for Plaintiff, Laureate Education, Inc.*